IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| LEIGH ANN HOUSEL, | ) | Cause No. CV 06-26-H-CSO |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF UNITED STATES MAGISTRATE |
| WARDEN JO ACTON | ) | JUDGE |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court on Leigh Ann Housel's Petition for Writ of Habeas Corpus.[1] Petitioner is a state prisoner incarcerated at the Montana Women's Prison. The named Respondent is Jo Acton, Warden of the Montana Women's Prison and current custodian of Petitioner.

Petitioner plead guilty to forgery on December 9, 2004. (Document 1, p. 2). She received a sentence of twenty years with ten years suspended. Ms. Housel contends that she was not given appropriate credit for time served prior to her sentencing.

On March 31, 2006, the state district court issued an Order

_____

[1] Given the fact that Petitioner did not raise any federal claims and she filed her petition on a form for filing a petition for writ of habeas corpus under the Montana state statute, it is unclear whether Petitioner intended to file in federal court. Nevertheless, this matter has been submitted for consideration and, even though it is recommended herein that the petition be denied, the recommendation should not affect Petitioner's ability to file a subsequent petition in this Court as the denial should be without prejudice.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

denying Petitioner's renewed motion for reconsideration of time served.  The district court stated that it had determined that the calculation of time served was proper.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court requires courts to examine a petition before ordering a respondent to file an answer or any other pleading.  The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  *Id.*

The Court finds that Ms. Housel's petition should be dismissed for failure to exhaust her state court remedies. Before a federal court can entertain a petition for writ of habeas corpus filed by a state prisoner, the petitioner must exhaust available state remedies with respect to claims sought to be raised in federal court.  Rose v. Lundy, 455 U.S. 509, 522 (1982).  The district court must dismiss the federal petition if the petitioner has failed to exhaust the available state remedies.  28 U.S.C. § 2254(b); Mannes v. Gillespie, 967 F.2d 1310, 1316 n.6 (9th Cir. 1992), cert. denied 506 U.S. 1048 (1993); Wasko v. Vasquez, 820 F.2d 1090, 1092 (9th Cir. 1987). To satisfy the exhaustion requirement, Petitioner must have fairly presented her claims to the Montana Supreme Court in order to give that court an "opportunity to pass upon and correct

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 2

alleged violations" of her rights. <u>Baldwin v. Reese</u>, 541 U.S. 27,
124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (internal quotation
marks omitted).

Petitioners must plead their claims with considerable
specificity before the state appellate courts in order to satisfy
the exhaustion requirement. <u>See</u>, <u>e.g.</u>, <u>Duncan v. Henry</u>, 513 U.S.
364, 366, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) ("[M]ere
similarity of claims is insufficient to exhaust"); <u>Lyons v.
Crawford</u>, 232 F.3d 666, 668 (9th Cir. 2000), <u>as modified by</u> 247
F.3d 904 (9th Cir. 2001) ("[A] petitioner must make the federal
basis of the claim explicit either by citing federal law or the
decisions of federal courts, even if the federal basis is 'self-
evident' or the underlying claim would be decided under state law
on the same considerations that would control resolution of the
claim on federal grounds." (internal citations omitted)); <u>Johnson
v. Zenon</u>, 88 F.3d 828, 830 (9th Cir. 1996) ("If a petitioner
fails to alert the state court to the fact that he is raising a
federal constitutional claim, his federal claim is unexhausted
regardless of its similarity to the issues raised in state court").

In addition, petitioners must articulate the substance of an
alleged violation with some particularity. <u>See Kelly v. Small</u>,
315 F.3d 1063 (9th Cir. 2003) (a petitioner must exhaust each
individual claim as independent constitutional claims to give the
state courts a 'full and fair opportunity' to act upon it).

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 3

Distinct claims with separate elements of proof, should each be
separately and specifically presented to the state courts. <u>Rose
v. Palmateer</u>, 395 F.3d 1108, 1112 (9th Cir. 2005).  This Court is
also precluded from hearing factual allegations that were not
before the state courts.  <u>Hudson v. Rushen</u>, 686 F.2d 826 (9th
Cir. 1982).

The burden of showing that state court remedies have been
exhausted remains on the petitioner.  <u>Gutierrez v. Griggs</u>, 695
F.2d 1195, 1197 (9th Cir. 1983).  Petitioner may satisfy the
exhaustion requirement by providing the highest state court with
an opportunity to rule on the merits of the claims (<u>Picard v.
Connor</u>, 404 U.S. 270 (1971)), or by showing that at the time the
petition was filed in federal court, no state remedies remained
available to petitioner and none were deliberately bypassed in
favor of federal court.  <u>Engle v. Isaac</u>, 456 U.S. 107, 125
(1982).

Ms. Housel cannot bring a federal constitutional claim with
regard to her sentence without first attempting to exhaust her
issues in state court.  There is no indication on her petition or
in the exhibits filed therewith that Ms. Housel has even begun to
pursue her state court appellate remedies.  In the state district
court documents submitted by Ms. Housel there is no indication
that she raised a federal constitutional claim.  Given that her
motion for reconsideration was just denied on March 31, 2006, it

appears that she has not pursued these issues with the Montana Supreme Court.

Based upon this record, the Court concludes that Ms. Housel has not exhausted her state court remedies. Accordingly, the petition should be dismissed.

This Court's recommendation will now be presented to a District Court Judge who will determine whether to adopt this recommendation. Petitioner may file objections to this recommendation as set forth below. However, if she wishes to pursue her state remedies and to exhaust her remedies in the state courts, Petitioner must proceed as expeditiously as possible in state court. State post-conviction petitions are subject to a one-year statute of limitations. See Mont. Code Ann. § 46-21-102 (2003). Federal petitions are also subject to a one-year statute of limitations; time to file a federal petition is tolled while a petitioner has an action directed to the same judgment pending in state court, but time is not tolled while an unexhausted petition, like the present one, is pending in federal court. See 28 U.S.C. § 2244(d).

Ms. Housel is also advised that there is a one-petition rule with respect to state petitions for post-conviction relief, see Mont. Code Ann. § 46-21-105 (2003), and with respect to federal petitions for writs of habeas corpus, see 28 U.S.C. § 2244(b). Thus, she must assert in her state petition all claims presently

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 5

available to her or risk losing the opportunity to be heard on those claims in the future.

Finally, Ms. Housel should note that federal habeas corpus relief is only available on behalf of a person who is in custody in violation of the Constitution or the laws or treaties of the United States.  28 U.S.C. § 2254(a); <u>Cacoperdo v. Demosthenes</u>, 37 F.3d 504, 506 (9th Cir. 1994).  Therefore, if she wants to proceed in federal court she must raise her claims as federal claims first in state court and then in federal court.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

That Ms. Housel's Petition for Writ of Habeas Corpus be **DENIED WITHOUT PREJUDICE** based upon her failure to exhaust her state court remedies.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

The Clerk of Court shall serve a copy of these Findings and Recommendation of the United States Magistrate Judge upon the Petitioner.  The Petitioner is advised that pursuant to 28 U.S.C. § 636(b)(1), she has the right to file written objections to this Findings and Recommendation.  Any objections to the Findings and Recommendation must be filed with the Clerk of Court within twenty (20) days after the signing of this recommendation, or objection is waived.

**PETITIONER IS CAUTIONED THAT SHE MUST KEEP THE COURT ADVISED**

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 6

**OF ANY CHANGE OF ADDRESS AND A FAILURE TO DO SO COULD RESULT IN A**

**RECOMMENDATION OF DISMISSAL OF THIS CAUSE OF ACTION.**

DATED this 14th day of June, 2006.


/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 7